UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JASON A. MAHE,

                   Plaintiff,

      v.

DAVID RIVAS, *et al.*,

                Defendants.

Case No. 3:22-cv-00536-MMD-CLB

ORDER

On January 19, 2023, the Court screened Plaintiff Jason Mahe's Complaint in this civil-rights action, allowing an Eighth Amendment medical indifference claim to proceed against Defendants Rivas and Parks. (ECF No. 5.) The Court denied Mahe's incomplete application to proceed *in forma pauperis* ("IFP") without prejudice to his ability to pay the filing fee or file a new fully complete IFP application by March 20, 2023. (*Id.* at 12.) The Court stayed this action for 90-days to allow the parties time to mediate their differences, including under the Court's Inmate Early Mediation Program. (*Id.* at 12–13.) And in a subsequent order, the Court directed Interested Party Nevada Department of Corrections ("NDOC") to respond to Mahe's emergency motions for a temporary restraining order and a preliminary injunction ("PI/TRO") by February 10, 2023. (ECF No. 7).

The parties have since moved for various relief. The NDOC timely filed its response to the PI/TRO motions, and moves to seal Exhibits A, B, C, D, and E to its response. (ECF Nos. 14, 15, 16). Mahe moves for reconsideration of the Court's order setting a briefing schedule on his PI/TRO motions. (ECF Nos. 12, 24). He moves the Court to construe his IFP application as complete. (ECF No. 11). He moves the Court to order the NDOC to provide him a free copy of his entire medical file—or access to it for four hours and free copies of pertinent records. (ECF No. 19). And Mahe moves the court to extend his prison copy-work limit by $100. (ECF No. 21). The Court addresses each motion in turn.

1   **I.    MOTION TO SEAL (ECF NO. 15)**

2   The NDOC moves to seal Exhibits A, B, C, D, and E filed with its response to

3   Mahe's PI/TRO motions, arguing that compelling reasons exist to do so because the

4   documents are medical records or contain confidential information about Mahe's medical

5   history, including physician's notes and statements about his medical condition and

6   symptoms. (ECF No. 15 at 3). Having reviewed the documents in camera, the Court finds

7   that they contain sensitive and private information about Mahe's health and medical care.

8   The Court finds Mahe's interest in his medical privacy is a compelling reason to seal these

9   documents, and that reason outweighs the presumption favoring public access to them.

10  *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) (explaining

11  the good-cause and compelling-reason standards for sealing judicial records and

12  documents); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016)

13  (applying the compelling-reasons standard to exhibits to an injunctive-relief motion that is

14  "more than tangentially related to the merits of [the] case"). Thus, the Court grants the

15  motion to seal.

16  **II.    MOTIONS FOR RECONSIDERATION (ECF NOS. 12, 24)**

17  Nevada Local Rule LR 59-1(a) provides that reconsideration of an order that is not

18  case-dispositive may be appropriate if "the court has overlooked or misunderstood" any

19  point of law or fact. This means reconsideration is appropriate if the court "(1) is presented

20  with newly discovered evidence, (2) committed clear error or the initial decision was

21  manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No.*

22  *1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). But a motion for reconsideration is

23  not an avenue to re-litigate the same issues and arguments that the court has already

24  ruled on. *See* Nev. Loc. R. LR 59-1(b).

25  Mahe moves for reconsideration of the Court's order directing the NDOC to file a

26  response to his PI/TRO motions, arguing the Court should issue a TRO or hold a hearing

27  because Defendants changed his seizure medications to save costs, he is experiencing

28  seizures "almost daily," and medical staff are retaliating against him. (ECF No. 12).

Mahe's more recent motion argues that he "is suffering numerous seizures daily[.]" (ECF No. 24 at 2). Mahe also argues that the Utilization Review Committee approved his request to receive his non-formulary seizure medications, but he hasn't received them because Defendant Rivas is "pulling rank and denying" Mahe's requests either to save costs or "discriminate against [Mahe] due to his physical and mental disabilities. (*Id.*) Mahe also states that he has retained counsel—Thomas J. Gibson and Nye Legal—who will appear telephonically if the Court holds a hearing on his motions. (*Id.*) And he argues that a settlement agreement between the United States and the NDOC about housing and medical care for inmates with HIV support his PI/TRO motions. (*Id.*)

The Court notes that no attorney has appeared for Mahe. In any event, Mahe's representation status and the settlement agreement concerning inmates with HIV are not new evidence that is relevant to the PI/TRO motions, which seek an order requiring Defendants to reinstate Mahe's prescriptions for Lyrica, gabapentin, tramadol, and baclofen. The other points raised by Mahe are not new, and the Court did not overlook them when it entered its scheduling order. Moreover, the Court will consider all Mahe's points when it decides his PI/TRO motions. Because Mahe has not established a valid reason why the Court should reconsider its scheduling order, the Court denies his motion for that relief.

### III.    MOTION TO CONSIDER IFP APPLICATION COMPLETE (ECF NO. 11)

The Court denied Mahe's IFP application because it was not on the Court's approved form and was based on outdated financial documents and information. (ECF No. 5 at 1–2.) The Court gave Mahe until March 20, 2023, to either pay the required filing fee or file a new fully complete IFP application. (*Id.* at 12). In response, Mahe moves the Court to accept his IFP application as complete, arguing that he followed prison regulations to obtain a financial certificate and six-month inmate trust fund account statement from prison officials but has not received either document. (ECF No. 11 at 2). Mahe states that he went "a step further" by asking Law Library Supervisor Simas to resolve the issue and provide him indigent legal supplies. (*Id.*) But Simas responded that,

1    according to Inmate Banking Services, Mahe is not indigent. (*Id.*) Mahe states that Inmate

2    Banking Services has not returned his financial documents or responded to any inmate

3    request forms. (*Id.* at 2–3). Mahe also filed the first three pages of an IFP application on

4    the Court's approved form, which he has completed. (ECF No. 13).

5          The Court construes this motion as seeking an extension of time and finds good

6    cause exists to grant Mahe a second extension of time to either pay the filing fee or file a

7    new fully complete IFP application containing all three of the required documents. Or, if

8    Mahe is having difficulty obtaining the required financial certificate and inmate account

9    statement for the previous six-month period from prison officials, he must file a declaration

10    detailing the efforts he took to obtain the financial documents from prison officials. If Mahe

11    chooses to file a declaration, it must detail when he requested the financial documents

12    from prison officials, who he conferred with about the status of the documents, when that

13    happened, who he followed up with after he did not receive the documents, when that

14    happened, and prison officials' responses to his questions, if any. If Mahe's declaration

15    demonstrates that he has done all that was possible to obtain the financial documents

16    from prison officials, the Court will consider his IFP application complete.

17    **IV.    MOTION TO ACCESS MEDICAL FILE (ECF NO. 19)**

18          Mahe moves the Court to order the NDOC to provide him a free copy of his entire

19    medical file "to prevent known 'purging' of much needed medical proof" for when his case

20    goes to trial. (ECF No. 19 at 2). Alternatively, Mahe asks for an order requiring the NDOC

21    to allow him up to four hours to review his file and copy his pertinent medical records,

22    including the prison's internal notes under the NOTIS e-mailing system, X-rays, medical-

23    file notations, and kites. (*Id.*) NDOC administrative regulations state that inmates are

24    permitted to review their medical records once per calendar year except that, during

25    litigation involving an inmate's medical issue, an inmate "will be allowed additional

26    opportunity to review the medical record. Upon a request from the offender to review his

27    medical records for litigation purposes, all efforts will be made to make the records

28    available within 3–5 working days from the date of the request." NDOC AR

639.03(4)(A)(a). The regulations further provide that an inmate will be given an hour to review his medical records but can request more time if it is needed, and the inmate is permitted to take notes about the information contained in his medical record. *Id.* at 639.03(4)(A)(b)–(c).

Mahe does not state that he has followed the NDOC's procedure to review and take notes about the contents of his medical record. Moreover, as explained below, the Court has stayed this action for 90 days to allow the parties an opportunity to mediate their differences before the discovery process begins. And there are no pending motions that require further briefing from any party. Mahe has not demonstrated he currently needs a free copy of his entire medical file or even select portions of it. Nor has Mahe demonstrated that he needs a court order to review and take notes about the contents of his medical records. The Court therefore denies without prejudice Mahe's motion for access to his medical records.

## V.    MOTION TO EXTEND COPY WORK (ECF NO. 21)

Mahe's final motion seeks to extend his copy-work limit by $100, arguing that he needs to copy "hundreds of pages of documents[.]" (ECF No. 21 at 1). An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). NDOC administrative regulations state that "[i]nmates can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." NDOC AR 722.01(7)(D). Courts in this district have found that they can order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties. *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 886343, *2 (D. Nev. Mar. 11, 2011).

Mahe does not state the reason why he needs copies. It appears from the exhibits attached to the motion that Mahe needs copies to file a reply in support of his PI/TRO motions and an objection to the NDOC's anticipated response to his motion seeking a copy of his medical records. (*Id.* at 5–7). In staying this case to allow the parties an opportunity to settle their differences, the Court ordered that no pleadings or papers

should be filed during the stay, and the parties are not required to respond to any paper filed in violation of the stay unless specifically ordered by the Court to do so. (ECF No. 5 at 12–13.) Currently, the only exception to this stay is the Court's order directing the NDOC to respond to Mahe's IP/TRO motions. Although the Court did not permit Mahe to file a reply brief, he filed a reply brief together with 142 pages of exhibits. (*Compare* ECF No. 7 (scheduling order), *with* ECF No. 18 (styled as a "rebuttal to A.G.'s motion to deny T.R.O./Injunctive relief"), *and* ECF No. 20 (exhibits). The Court has not directed the NDOC to respond to Mahe's motion seeking a copy of his medical records.

Mahe has not demonstrated he needs to provide copies of any document to the Court or the NDOC at this time. The Court therefore denies without prejudice Mahe's motion to extend his copy-work limit.

## VI.   CONCLUSION

It is therefore ordered that the Motion for Leave to File Exhibits Under Seal (ECF No. 15) is granted.

It is further ordered that Exhibits A, B, C, D, and E to the Response to the PI/TRO motions (ECF Nos. 16-1, 16-2, 16-3, 16-4, and 16-5) will remain under seal until further order of the Court.

It is further ordered that the motions for reconsideration (ECF Nos. 12, 24) are denied.

It is further ordered that the motion to consider the application to proceed *in forma pauperis* complete (ECF No. 11) is construed as a motion for an extension of time and granted in part and denied in part.

It is further ordered that **on or before April 3, 2023**, Plaintiff Mahe must either:

- Pay the full $402 filing fee for a civil action;
- File a new fully complete application to proceed *in forma pauperis* with all three required documents on the Court's approved form; or
- Alternatively, if Plaintiff Mahe is not able to obtain his financial certificate and inmate account statement from prison officials, complete and file a declaration

detailing the efforts that he undertook to obtain the required financial documents from prison officials.

It is further ordered that the motion for access to medical records (ECF No. 19) is denied without prejudice.

It is further ordered that the motion to extend copy-work limit (ECF No. 21) is denied without prejudice.

DATED: March 3, 2023.

UNITED STATES MAGISTRATE JUDGE