UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JASON A. MAHE,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>DAVID RIVAS, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:22-cv-00536-MMD-CLB<br><br>ORDER |

*Pro se* Plaintiff Jason A. Mahe, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this action against Defendants[1] under 42 U.S.C. § 1983 (ECF No. 6 ("Complaint")). Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 26), recommending that the Court deny Plaintiff's emergency motions for injunctive relief (ECF Nos. 1-2, 4 ("Motions")).[2] Plaintiff filed an objection to the R&R (ECF No. 32 ("Objection")).[3] Because the Court agrees with Judge Baldwin's analysis, the Court will adopt Judge Baldwin's R&R in full and overrule Plaintiff's objections.

The Court incorporates by reference and adopts Judge Baldwin's description of the case's background and procedural history. (ECF No. 26 at 1-2.)

To start, Plaintiff objects to Judge Baldwin's finding that he is seeking a mandatory injunction, which is subject to a higher standard than a prohibitory injunction. (ECF Nos.

---

[1]After screening, the remaining Defendants in this case are David Rivas and Helen Parks. (ECF No. 5.)

[2]In the screening order, the Court referred the Motions to Judge Baldwin. (ECF No. 5 at 12.) Defendants responded (ECF No. 14) and submitted exhibits in support of their response (ECF No. 16 (Sealed)). Plaintiff replied (ECF No. 18) and submitted exhibits in support of his reply (ECF No. 20).

[3]Defendants responded to Plaintiff's Objection. (ECF No. 35.)

26 at 4, 32 at 2.) *See* 28 U.S.C. § 636(b)(1) (Where a party timely objects to a magistrate judge's R&R, the Court is required to "make a de novo determination of those portions of the [R&R] to which objection is made"); *see also Doe v. Snyder*, 28 F.4th 103, 111 (9th Cir. 2022) (explaining that "[i]n general, mandatory injunctions are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages") (citations and quotation marks omitted). Plaintiff argues that the injunctive relief is prohibitory because his neurologist already established a course of treatment for his seizures and Defendants discontinued the treatment to save costs. (ECF No. 32 at 2.) The Court disagrees. Plaintiff's requested injunctive relief is indeed mandatory because Plaintiff wants Defendants to take affirmative action, beyond the status quo, to reinstate his prior seizure medication, Lyrica. (ECF Nos. 1-2 at 3, 32 at 7.) *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (citation omitted). Accordingly, the Court overrules Plaintiff's first objection and finds that Plaintiff's requested injunctive relief is subject to heightened scrutiny. *See Snyder*, 28 F.4th at 111 (citations omitted).

Next, Plaintiff disputes Defendants' allegation that he was diverting his Gabapentin anti-seizure medication and argues that Defendants' allegation was the result of retaliation.[4] (ECF No. 32 at 3-5.) Plaintiff contends that he complied with NDOC's strict protocols and took his medication in front of medical and security personnel at the prison. (*Id*.) However, the medical staff allegedly switched his medication in a retaliatory move because Plaintiff filed complaints against them. (*Id*. at 4-5.) The Court overrules Plaintiff's second objection because Plaintiff's retaliation allegations are outside the scope of this lawsuit. In the screening order, the Court only permitted Plaintiff to proceed with his Eighth Amendment deliberate indifference claim. (ECF No. 5 at 12.) To the extent Plaintiff

---

[4]The Court also denies Plaintiff's requested relief to "stop any and all form[s] of retaliation or harassment" in his Motions. (ECF No. 4 at 7.) Retaliatory conduct should not have occurred. But as explained above, the only claim proceeding in this case is Plaintiff's Eighth Amendment deliberate indifference claim. (ECF No. 5 at 12.) If Plaintiff believes that he is being retaliated against for filing complaints against the medical staff, Plaintiff may elect to pursue his administrative remedies and file a new lawsuit.

believes that he was retaliated against because of this lawsuit, Plaintiff must file a different action to assert this new claim. Moreover, Judge Baldwin's finding that Plaintiff is unlikely to prevail on his Eighth Amendment deliberate indifference claim was not solely based on Defendants' allegation of diversion. To the contrary, Judge Baldwin's finding was primarily based on the lack of evidence that Plaintiff was being prescribed seizure medication in a medically unacceptable way or with a conscious disregard for his health. (ECF No. 26 at 8.) *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014). In fact, NDOC's reports show that medical professionals are consistently working with Plaintiff to find appropriate treatments for his seizures. (ECF Nos. 16-1, 16-2, 16-3, 16-4, 16-5, 26 at 8.)

Finally, Plaintiff briefly objects to Judge Baldwin's recommendation to deny his Motions because Defendants' "wait and see" treatment plan for his seizures is medically inadequate and indicative of their deliberate indifference to his serious medical needs. (ECF No. 32 at 6-7.) The Court disagrees. NDOC's records do not suggest any complacency and inaction by Defendants. (ECF Nos. 16-1, 16-2, 16-3, 16-4, 16-5.) Instead, the records show that medical professionals are actively working with Plaintiff to find the correct combination of medications to treat his seizures, are adjusting his medications based on Plaintiff's own complaints of side effects, and are following up with Plaintiff. (ECF Nos. 16-2 at 2, 16-4 at 2, 18 at 24, 26 at 8.) For instance, Plaintiff's doctors changed his medications because Plaintiff reported that he suffered at least three seizures every week on Lyrica. (ECF Nos. 16-2 at 2, 18 at 24.) Accordingly, the Court overrules Plaintiff's third objection and adopts Judge Baldwin's R&R in full.

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motions before the Court.

It is therefore ordered that Plaintiff's objection (ECF No. 32) to the Report and Recommendation of United States Magistrate Judge Carla L. Baldwin is overruled.

It is further ordered that Judge Baldwin's Report and Recommendation (ECF No. 26) is accepted and adopted in full.

It is further ordered that Plaintiff's emergency motions for injunctive relief (ECF Nos. 1-2, 4) are denied.

DATED THIS 12th Day of May 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE