UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASON A. MAHE,<br><br>                              Plaintiff,<br><br>     v.<br><br>DAVID RIVAS, et al.,<br><br>                              Defendants. | Case No. 3:22-cv-00536-MMD-CLB<br><br>ORDER |

This action began with a pro se civil-rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. Plaintiff recently filed notice that he has been transferred to Lorain Correctional Institution in Grafton, Ohio. (ECF No. 59). Plaintiff has filed two incomplete applications to proceed *in forma pauperis* (ECF Nos. 13, 28) and moved the Court to construe his applications as being complete, arguing that prison officials were delaying providing his required Financial Certificate and inmate trust fund account statement for the previous six-month period. (ECF No. 27). Thereafter, Plaintiff filed the required financial documents with the Court (ECF No. 30) and moved the Court to consider them. (ECF No. 29). Based on the financial information provided, the Court finds that Plaintiff's application to proceed *in forma pauperis* is complete and he is unable to prepay the full filing fee in this matter. (ECF Nos. 13, 28, 30).

The Court entered a screening order on January 19, 2023. (ECF No. 5). The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 5, 22). A settlement was not reached during the mediation conference. (ECF No. 36).

For the foregoing reasons, **IT IS ORDERED** that:

1.     Plaintiff's application to proceed *in forma pauperis* (ECF Nos. 13, 28, 30) is **GRANTED**. Plaintiff will not be required to pay an initial installment of the filing fee. But

even if this action is later dismissed, the full filing fee must still be paid under 28 U.S.C. § 1915(b)(2).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

3. Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Ohio Department of Rehabilitation & Correction will forward payments from the account of **JASON A. MAHE, #A641666** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office and to the attention of **Chief of Inmate Services for the Lorain Correctional Institution** at 2075 South Avon-Belden Road, Grafton, OH 44044.

4. The Clerk of the Court will electronically **SERVE** a copy of this order and a copy of Plaintiff's complaint (ECF No. 6) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

5. Service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

6. Subject to the findings of the screening order (ECF No. 5), within twenty-one (21) days of the date of entry of this order, the Attorney General's Office will file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office will file, under seal, but will not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

7. If service cannot be accepted for any of the named defendant(s), Plaintiff will file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

8. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) will file and serve an answer or other response to the complaint (ECF No. 6) within sixty (60) days from the date of this order.

9. Plaintiff will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, Plaintiff will include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk that fails to include a certificate showing proper service when required.

10. This case is no longer stayed.

11. Plaintiff's motions for relief about his application to proceed *in forma pauperis* (ECF No. 27, 29) are denied as moot.

DATED THIS 22nd day of June 2023.

_____
UNITED STATES MAGISTRATE JUDGE