UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON A. MAHE,<br><br>                          Plaintiff,<br><br>    v.<br><br>DAVID RIVAS, *et. al.*,<br><br>                          Defendants. | Case No. 3:22-cv-00536-MMD-CLB<br><br>**ORDER GRANTING MOTION TO STAY AND DENYING MOTION FOR TELECONFERENCE**<br><br>[ECF Nos. 70, 71] |

Before the Court is Plaintiff Jason Mahe's ("Mahe") motion to stay case, (ECF No. 70). According to Mahe's motion, he has been transferred to an out of state correctional center and has limited access to his legal mail and thus requests a 90 day stay of this action. (*Id.*) Mahe has also filed a motion for the Court to order the Attorney General's Office to make accommodations for Mahe to be present via Skype or teleconference while he is incarcerated out of state, (ECF No. 71). No opposition was filed to either motion.

It is well established that district courts have the inherent power to control their dockets and manage their affairs; this includes the power to strike or deny motions to streamline motion practice and promote judicial efficiency. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Additionally, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. When exercising that discretion, courts are guided by the goals of securing the just, speedy, and inexpensive resolution of actions. *See* FED. R. CIV. P. 1.

To that end, the Court considers several articulated factors when deciding whether to stay a case: "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed" including the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to

go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The Court has considered these factors and finds, in the exercise of its sound discretion, that a brief stay of these proceedings for 90 days is appropriate.

Finally, Mahe requests that the Court order the Attorney General's Office to make accommodations for Mahe to be present via Skype or teleconference while he is incarcerated out of state, (ECF No. 71). However, in light of the stay, and because no hearings are currently set, the motion is denied.

For good cause appearing, **IT IS ORDERED** that Mahe's motion to stay case, (ECF No. 70), is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** for 90 days from the date of this order, at which point the stay shall be automatically lifted.

**IT IS FURTHER ORDERED** that Mahe's motion to allow teleconference, (ECF No. 71), is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 28, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**